FILED
2022 Jul-19 PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **CULLMAN LEASING, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 5:22-cv-00468-LCB |
| | ) |
| **WESCO INSURANCE COMPANY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION & ORDER

This case began with a fire. In 2015, a piece of heavy machinery on lease from Plaintiff Cullman Leasing, LLC was destroyed. Defendant Wesco Insurance Company denied the lessee's claim for the loss of the machine. Cullman Leasing sues Wesco and Defendants AmTrust Financial Services, Inc. and AmTrust North America, Inc. for breach of contract and equitable subrogation. The AmTrust Defendants move to dismiss the claims against them because they are not parties to the insurance contract. (Doc. 3). For the reasons below, the Court grants their motion.

1

## BACKGROUND

A detailed recitation of the facts is not necessary. In short, Cullman Leasing leased a piece of heavy machinery to Southern Management Services, Inc.[1] SMS took out an insurance policy with Wesco that, among other things, covered the machine.[2] AmTrust Financial Services, through its subsidiary AmTrust North America, administrated the policy.[3] A fire destroyed the machine, SMS filed a claim on the policy, and Wesco denied the claim.[4]

Cullman Leasing originally filed this action in the Circuit Court of Cullman County, Alabama, and the Defendants removed the case to this Court.[5] Shortly after removal, the AmTrust Defendants filed this motion to dismiss.[6] They move to dismiss the breach of contract and equitable subrogation claims against them.[7] After ruling on an earlier motion to remand, the Court ordered Cullman Leasing to respond to the motion to dismiss by July 12, 2022.[8] Cullman Leasing failed to do so.[9]

---

[1] (Doc. 1-1 ¶ 7).
[2] *Id.* ¶ 11.
[3] *Id.*
[4] *Id.* ¶¶ 13-14.
[5] (Doc. 1).
[6] (Doc. 3).
[7] *Id.*
[8] (Doc. 11).
[9] Per the Court's Initial Order Governing All Further Proceedings, the Court construes the motion to dismiss as unopposed. (Doc. 4 at 10).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than a "formulaic recitation of the elements of a cause of action" do not meet Rule 8's standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief

requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

When reviewing a Rule 12(b)(6) motion to dismiss, a court must: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (*per curiam*) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2011)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a plausible claim, the claim must be dismissed. *Twombly*, 550 U.S. at 556, 570.

## DISCUSSION

The AmTrust Defendants move to dismiss the breach of contract claim because they are not a party to the insurance contract. In turn, they move to dismiss the equitable subrogation claim because they cannot be responsible for the note payment made by Cullman Leasing. Because the AmTrust Defendants are not parties to the contract, both claims against them fail as a matter of law.

**I.     Cullman Leasing's breach of contract claim against the AmTrust Defendants fails because they are not parties to the insurance contract.**

Because Cullman Leasing cannot hold a non-party to the insurance policy liable for the policy's terms, its breach of contract claim against the AmTrust Defendants fails as a matter of law. Cullman Leasing is not a party to the insurance policy but contends it can enforce the agreement as a third-party beneficiary. A third-party beneficiary may bring a breach of contract claim when:

> (1) the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party;
> (2) that the complainant was the intended beneficiary of the contract;
> (3) that the contract was breached.

*Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc.*, 512 So. 2d 99, 101-02 (Ala. 1987). The AmTrust Defendants argue that "[i]t is apparent from the insurance policy attached to the Complaint that it was issued by Wesco. Wesco is the only 'insurer.' Neither AFSI nor ANAI is the insurer." (Doc. 3 at 3). That is, the AmTrust Defendants are not parties to the contract.

The operative complaint alleges that "SMS purchased and maintained" the insurance policy "through the AmTrust Defendants and Wesco Insurance Company". (Doc. 1-1 ¶ 11). But the policy itself belies any allegation that the AmTrust Defendants were insurers. Cullman Leasing attached the policy to the operative complaint. (Doc. 1-4). The Court may consider exhibits attached to the complaint when ruling on a motion to dismiss. *Hoefling v. City of Miami*, 811 F.3d

5

1271, 1277 (11th Cir. 2016). Further, "if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Id.* Here, neither AmTrust Defendant is so much as mentioned in the insurance policy. In other words, clearly, on its face, the policy is between SMS and Wesco; neither AmTrust Defendant is a party to the contract.

Most importantly, in Alabama, in the insurance context, when "[t]he undisputed evidence reveals that [a third-party] was not a party to [the insured]'s insurance contract with [the insurer]" there is no breach of contract claim. *Ligon Furniture Co. v. O.M. Hughes Ins.*, 551 So. 2d 283, 285 (Ala. 1989). Therefore, because the AmTrust Defendants are not parties to the insurance contract, Alabama law is clear that they cannot be held liable for breach of contract.

## II. Because the AmTrust Defendants cannot be held responsible for Cullman Leasing's payment, the equitable subrogation claim fails.

Equitable subrogation is only available when the third-party is liable for the payment, so Cullman Leasing cannot sustain its claim against the AmTrust Defendants. In Alabama, an equitable subrogation claim has five elements:

> (1) The loan or advancement must have been made and used to pay off the debt secured by the prior lien and it is the lender's duty to see that the money is so applied, for the right of subrogation does not arise when the money advanced is to be applied at the discretion of the debtor;
> (2) the parties must contemplate that the lender will have security of equal dignity with the lien discharged by the payment;
> (3) the whole debt must be paid before subrogation can be enforced, that is, pro tanto subrogation is not recognized;

6

>   (4) the lender at the time of the loan must be ignorant of the intervening lien or encumbrance and such ignorance must not be the consequence of culpable negligence;
>   (5) the intervening lienor must not be burdened or embarrassed.

*Foster v. Porter Bridge Loan Co.*, 27 So. 3d 481, 484 (Ala. 2009) (quoting *Fed. Land Bank of New Orleans v. Henderson, Black & Merrill Co.*, 42 So. 2d 829, 833 (Ala. 1949)). Cullman Leasing's claim is straightforward. Put simply, Cullman Leasing financed the machine's purchase through a lender, and it paid the remaining balance on the note when the insurers denied SMS's insurance claim. Because, Cullman Leasing alleges, the claim was improperly denied, the insurers are liable to subrogate it for the amount of the note. (Doc. 1-1 ¶¶ 9, 26-27).

The AmTrust Defendants argue that, because they are not the insurers, they "are not the source of any funds pursuant to the insurance policy" and cannot be liable for equitable subrogation. (Doc. 3 at 4). They are correct. Inherent in the doctrine of equitable subrogation is the requirement that the defendant be liable for the payment. *See Schuessler v. Shelnutt*, 171 So. 259, 262 (Ala. 1936) ("[S]ubrogation is a mode of relief adopted by equitable principles to compel payment of a debt or discharge of lien by one who in justice and good conscience should have paid or discharged the debt".). But, as explained above, because the AmTrust Defendants cannot be liable for breach of contract, they cannot possibly have an obligation to pay Cullman Leasing's note. So, they cannot be liable for

7

equitable subrogation. Therefore, Cullman Leasing cannot sustain an equitable subrogation claim against the AmTrust Defendants.

## CONCLUSION

For the reasons above, the Court **GRANTS** the AmTrust Defendants' motion to dismiss. (Doc. 3). The claims against AmTrust Financial Services, Inc. and AmTrust North America, Inc. are **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** this July 19, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE